Henderson, Chief-Justice,
 

 after stating the case as above set forth, proceeded, I think that the Plaintiffs equity to have an indemnity from two-fifth of the estate
 
 *336
 
 of
 
 Henry Johnston,
 
 now in the bands of the Defendant
 
 Cotton,
 
 to which
 
 Alexander 8.
 
 and
 
 William W. Johnston,
 
 , . . are entitled, 13 quite obvious. The action brougnt on (|)e administration bond was in reality, the suit of the next of kin of
 
 Henry W.
 
 Johnston» The Governor, in whose name it was brought, was a mere trustee for them, and the administrator
 
 de bonis non,
 
 their agent.
 
 Alexander 8. Johtsion,
 
 can have no claim to an indemnity for his own mismanagement, against his own surety for the faithful discharge of his duty, yet, in reality, as regards his fifth, the action on the bond was of that character, and for that purpose. Nor lias
 
 William W. Johnston
 
 a right to seek from his co-surcty an indemnity further than for one-half of the burden j and it will exhaust, as it appears, the whole of his one-fifth, to equalize the burden of the co-surety. There can therefore, be no pretence for sustaining the action, either for the benefit of the principal
 
 Alexander 8.
 
 or the co-surety,
 
 William W.
 
 — -~ And if the action ought not to have been sustained, the circumstance of the money being paid, cannot alter the rights of the parties in this Court, where the equity set tip afforded no protection at law. The administrator
 
 de bonis non,
 
 must pay to the Plaintiff the two-fifth parts of
 
 Alexander
 
 and
 
 William.
 

 As to the claim set up to the leasehold estates, in the hands of the executor of
 
 William Johnston,
 
 and the money due from
 
 Pugh,
 
 for the purchase of part of them from
 
 William Johnston,
 
 I can perceive no higher claims to them, on the part of the Plaintiff, than those of any other creditor of
 
 William Johnston.
 
 The payment of the purchase money by the surety gives him no specific lien $ and even had he the Men of a vendor, that I believe has never been held to extend to chattel interests. As far as I can perceive at present, as to any thing except the two-fith parts of
 
 Henry Johnston’s
 
 estate, the Plaintiff must stand as a general creditor.
 

 Per Curiam.
 

 — Let the decree he entered accordingly.,